Court of Chancery. Sussex. July 26, 1821.

*Ridgely's Notebook III, 393.*

## Ex parte ANNA JOHNSON.

Orphans' Court. Kent. August 6, 1821.

*Ridgely's Notebook III, 396.*

*H. M. Ridgely* and *Brinckle* for the petitioner.

*John M. Clayton* [against the petition] stated that Whittington Johnson was not seised of said land at the time of his death. That he had entered into a contract with Walter Douglass to purchase said land, and had entered into the possession of it, but that he had not paid the consideration money, and that no title or deed had been made to him; and further, that the land was now held in execution and to be sold by the sheriff at the suit of Douglass for the consideration money.

On the other hand, it was said that part of the purchase money had been paid, and that Johnson died in possession of the land; but it was admitted that Johnson had not the legal estate in said land, and that it was now to be sold by process of law at Douglass's suit.

THE CHANCELLOR. Whittington Johnson did not die seised of an estate of inheritance in this land, and therefore the case does not come within the description of lands mentioned in the Act of Assembly entitled "An Act respecting devises of lands, joint estates and dower," passed in the year 1816 [5 Del.Laws 174]. And the husband did not die intestate, so that on no ground can she proceed in this Court to obtain her dower.

The election to take her dower, and the petition on the motion of *Mr. Brinckle* were withdrawn, neither having been entered on the record, and *John M. Clayton* agreeing thereto. He opposed the assignment of dower on the part of Walter Douglass, a creditor.